**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Lucas Lee Gritts,

    Plaintiff,

v.

Unknown Martinez, et al.,

    Defendants.

No. CV 16-01233-PHX-GMS

**ORDER**

Pending before the Court is Plaintiff's Motion in Limine (Doc. 116) regarding the testimony of confidential informants. For the following reasons, the Court will deny the motion.

## BACKGROUND

On October 23rd, 2015, Plaintiff Lucas Gritts was found guilty of a disciplinary violation for conspiring to commit an assault on Correctional Officer II Pavan Baron at an Arizona Department of Corrections hearing. Due to the prison's use of confidential informants at this hearing, Mr. Gritts was not allowed to attend. Because of this guilty determination, Mr. Gritts lost early release credits, was removed from the Step-Down program and placed in solitary confinement for one year.

On May 16, 2019, a rehearing of the underlying disciplinary issue was conducted. There, Plaintiff was allowed to attend, and was again found guilty of conspiring to assault a corrections officer. As such, Plaintiff's ultimate guilt is not at issue in this case. Rather, whether he was sufficiently provided due process during the first hearing is the primary

issue for trial.

**DISCUSSION**

**I.      Motion in Limine**

"[T]he minimum requirements of procedural due process" in prison disciplinary hearings "require that 'the findings of the prison disciplinary board [be] supported by some evidence in the record.'" *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999) (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55 (2001)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455 (1985). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Here, testimony from Captain Martinez, the disciplinary hearing officer, and Plaintiff's opportunity to cross-examine that officer, is sufficient evidence to meet this lenient standard.

Perhaps more importantly, it is not entirely clear that whether "some evidence" was provided to support Mr. Gritts's conviction is a remaining issue in this case after summary judgment. This Court denied summary judgment as to Count One because "there are genuine issues of material fact as to whether Plaintiff's due process rights were violated by his exclusion from the disciplinary hearing and the failure to provide him with a written statement of the hearing results." (Doc. 75 at 15). And as for Count Two, the Court found that "there is . . . a question of fact regarding Plaintiff's removal from the Step-Down Program, which relied on the guilty finding." (Doc. 75 at 17). But at no point did the Court deny summary judgment as to Count One on the basis that there was not some evidence supporting Mr. Gritts's underlying conviction for the conspiracy to commit assault.

**II.     Remaining Issues**

Arizona Department of Corrections has now informed the Court that an additional hearing was conducted in May of this year, after which Plaintiff was found guilty again.

This raises at least two additional issues:

    1.    Whether Plaintiff can establish damages for Count One that were caused by the alleged due process violation in October 2015; and

    2.    Whether Count Two—which claims that the decision to remove Plaintiff from the Step-Down program was not supported by "some evidence" because of an allegedly invalid guilty determination in October 2015—is now lacking causation because Plaintiff was again found guilty at a hearing without the alleged due process violation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine (Doc. 116) is **DENIED**. The parties are directed to file simultaneous supplemental briefs, not to exceed five (5) pages, on the two remaining issues outlined by the Court **within fourteen (14) days** of the date of this Order.

Dated this 25th day of July, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge