wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucas Lee Gritts,<br><br>               Plaintiff,<br><br>v.<br><br>Unknown Martinez, et al.,<br><br>               Defendants. | No. CV 16-01233-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants Martinez et al.s' ("Defendants") Motion for Summary Judgment (Doc. 148) and Plaintiff Lucas Lee Gritt's ("Plaintiff") Cross-Motion for Summary Judgment. (Doc. 153.) For the following reasons, Defendants' Motion is granted, and Plaintiff's Motion is denied.[1]

## BACKGROUND

The facts and procedural history are known to the parties and have been discussed in detail in the Court's orders addressing prior motions for summary judgment. (Doc. 66; Doc. 75.) Plaintiff's claim against Defendants arises out of several disciplinary hearings. The parties agree about the core facts surrounding these events. In October 2015, Plaintiff was convicted of conspiring to assault a correctional officer at a disciplinary hearing he

---

[1] Defendant also seeks summary judgment on Plaintiff's claim for injunctive relief. The Court already resolved this claim at the parties' December 2019 Status Conference. (Doc. 150 at 4.) Defendants' motion is therefore only granted as to the claims that have not already been addressed.

was not allowed to attend. As a result of that conviction, he lost 200 early release credits ("ERCs"). In a separate hearing, Plaintiff was also removed from the step-down program, which allows inmates to earn access to lower-security housing, because of his disciplinary conviction. Plaintiff subsequently filed suit, alleging due process violations for denial of his rights to attend and present evidence at the October 2015 hearing. In May 2019 a second disciplinary hearing was held, reconsidering the earlier charge of conspiracy to assault an officer. Plaintiff was again convicted of the charge, but his punishment was modified to deduct only 120 ERCs. Plaintiff was never returned to the step-down program. Plaintiff amended his complaint to include allegations that he was not permitted to present evidence at this hearing as well. He seeks damages for these alleged due process violations and the resulting change of conditions. Plaintiff was released from custody in August 2019.

## DISCUSSION

### 1. Legal Standard

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex, 477 U.S. at 323*. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P.

56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).

### 2. The Favorable Termination Rule

The favorable termination rule, articulated in *Heck v. Humphrey*, states that a prisoner cannot bring a § 1983 suit for damages where a judgment in their favor would necessarily imply the invalidity of the underlying conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. 512 U.S. 477, 486–87 (1994). In *Edwards v. Balisok*, the Supreme Court applied *Heck* to prison disciplinary proceedings. 520 U.S. 641, 643 (1997). The inmate's principal claims were that he was denied the opportunity to present a defense and that the hearing officer was partial. *Id.* at 646–47. *Heck* barred the claim because "a criminal defendant tried by a partial judge is entitled to have his convictions set aside, no matter how strong the evidence against him." *Id.* at 647. A judgment in the inmate's favor would therefore necessarily imply the invalidity of the underlying conviction. *Id. Balisok* thus "extended the favorable termination rule to prison disciplinary actions that implicated the prisoner's term of confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). Although the prisoner did not seek reinstatement of his good time credits, he could not circumvent application of *Heck* because the alleged due process defect implied the invalidity of the deprivation of the credits. *Id.*

Ninth Circuit precedent has interpreted *Balisok* both broadly and narrowly,[2] but

---

[2] *Compare Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (finding that the plaintiff's claim that his due process rights were violated because false information was considered when denying his parole necessarily implicated the validity of the denial of parole, despite the fact that the plaintiff sought only damages), *and Gotcher v. Wood*, 122

using either analysis, *Heck*'s application is driven by the nature of the due process violation an inmate claims. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) ("In determining whether a judgment in favor of a section 1983 plaintiff necessarily implies the invalidity of his underlying conviction, we take into account the particular facts of the criminal trial or other proceeding leading to the allegedly improper detention."). The Court's conclusion in *Balisok*, for example, was predicated on the specific due process violation of a partial arbiter, which would necessarily invalidate the underlying conviction. *Balisok*, 520 U.S. at 647. It does not follow, as Defendants claim, that all procedural due process errors necessarily call into question the validity of a conviction from a prison disciplinary board. The nature of Plaintiff's specific claim, however, does imply the invalidity of his underlying conviction.

Plaintiff asserts that his changed conditions of confinement resulting from the loss of eligibility for the Step-Down program gave rise to a liberty interest which necessitated process.[3] He argues that the procedural violations at his October 2015 hearing led to his conviction for conspiring to assault an officer, and this conviction led directly to his removal from the Step-Down program at a subsequent proceeding. Plaintiff's argument thus relies on the assumption that, had he been granted process at the October 2015 hearing, he would not have been convicted, and he would not have been subsequently removed from the Step-Down program resulting in a change of his conditions of confinement. Thus, he

---

F.3d 39, 39 (9th Cir. 1997) (reversing without discussion a pre-*Balisok* opinion where the plaintiff claimed he was not given notice of the hearing or permitted to call witnesses or present evidence; the court concluded that *Balisok* foreclosed the plaintiff's entire claim although he challenged both the loss of good time credits and disciplinary segregation), *with Cox v. Clark*, 321 F. App'x 673, 676 (9th Cir. 2009) (finding the failure to provide advance notice to the plaintiff before his prison disciplinary proceeding did not necessarily invalidate the plaintiff's conviction), *and Hiltunen v. Bayer*, 6 F. App'x 629, 630 (9th Cir. 2001) (finding a claim for due process violation at pre-parole hearing did not necessarily imply the invalidity of the conviction because, given the parole board retained discretion, judgment in the plaintiff's favor would not guarantee his sentence would be shortened).

[3] Plaintiff concedes he is not challenging the loss of his good time credits in this action, as challenges to the duration of his confinement must be brought pursuant to a habeas corpus proceeding. (Doc. 153 at 9.)

asserts his conviction resulted in a change of his conditions of confinement sufficient to deprive him of a liberty interest necessitating different process than he received. This circular claim for damages thus relies on the assertion that the result of the October 2015 hearing was invalid. It thus is precluded by *Heck* and *Balisok.*

Plaintiff asserts that his subsequent, May 2019, hearing on the same charge establishes that his conviction was previously invalidated and thus outside *Heck*'s exclusion. But to establish that a conviction has been previously invalidated, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87; *see also Banks v. Clark Cty., Nev.*, 461 F. App'x 585, 587 (9th Cir. 2011). Plaintiff provides no authority, and the Court is unaware of any, suggesting that a subsequent disciplinary hearing that affirms a conviction but alters an inmate's punishment constitutes such an invalidation. Absent a showing that the hearing was authorized to overturn the previous conviction, the favorable termination rule precludes the Plaintiff's claims.

## CONCLUSION

As described above, the *Heck* doctrine precludes Plaintiff's § 1983 actions because a favorable judgment would necessarily invalidate Plaintiff's underlying conviction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 148) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Summary Judgment (Doc. 153) is **DENIED** as moot.

Dated this 9th day of October, 2020.

G. Murray Snow
Chief United States District Judge